FILED
ASHEVILLE, N.C.

DEC 31 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:09CR54

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS BRADFORD NORVELL,<br><br>　　　　　Defendant. | **CONSENT ORDER AND<br>JUDGMENT OF FORFEITURE** |

　　　　WHEREAS, the defendant THOMAS BRADFORD NORVELL has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to an offense in violation of 18 U.S.C. § 2252(a)(1), a statute under which forfeiture may be ordered;

　　　　WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes one or more of the following: visual depictions or matter which contains visual depictions produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18, United States Code; property constituting or traceable to gross profits or other proceeds obtained from an offense in violation of Section 2252; property used or intended to be used to commit or to promote the commission of an offense in violation of Section 2252; and/or substitute property as defined in 21 U.S.C. § 853. The property is therefore subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and 21 U.S.C. § 853;

　　　　WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

　　　　WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and that the defendant has a legal interest in the property;

　　　　WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the

1

property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

- **Dell Inspiron E1505 laptop, s/n 4256114941**
- **Dell Inspiron 1000 laptop, s/n 19939355425**
- **Memorex 512MB Travel drive (no serial number, seized on November 6, 2006)**
- **Dell Dimension 8200 CPU, s/n C2BJB4**
- **Dell Inspiron 4150 laptop, s/n 15949187785**
- **Sony Notebook laptop, s/n 28318830**
- **Palm Tungsten C Device s/n 00V2A5F31EXG**
- **PalmOne Tungsten T5 Device s/n PN5BM2P5V0CT**
- **Palm Device s/n PN70U1N6V0AY**

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

Upon the seizure of any property, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n).

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

EDWARD R. RYAN
UNITED STATES ATTORNEY

_____
DAVID A. THORNELOE
Assistant United States Attorney

2

_____
THOMAS BRADFORD NORVELL
Defendant

_____
SEAN P. DEVEREUX
Attorney for Defendant

Signed this the 31st day of December, 2008.

_____
DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE