# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00054-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS BRADFORD NORVELL, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the *pro se* Defendant's letter, which the Court construes as a motion for relief under the First Step Act of 2018 [Doc. 66].

The Defendant is serving a 188-month sentence for his conviction for transporting child pornography in violation of 18 U.S.C. § 2552(a)(1). [Doc. 36]. The Defendant now moves for a reduction of his sentence pursuant to the First Step Act of 2018. [Doc. 140].

The First Step Act of 2018, Pub. L. 115-135, was signed into law on December 21, 2018. The only section of the Act which gives retroactive effect to certain statutory penalty ranges is Section 404 of the Act, which gives retroactive effect to the changes made by Sections 2 and 3 of the Fair

Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Sections 2 and 3 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to trigger the enhanced penalties of 21 U.S.C. § 841 and eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a).

Here, the Defendant was convicted of transporting child pornography. The Defendant is not eligible for relief under Section 404 of the First Step Act because he was not convicted of a "covered offense" under Section 404(a)'s definition.

To the extent that the Defendant is seeking relief under Section 603 of the First Step Act, his motion is also denied. Section 603 of the Act modifies 18 U.S.C. § 3582(c)(1) to allow a defendant, not just the Director of the Bureau of Prisons, to file a motion for compassionate release. The Defendant, however, has not stated any grounds for a reduction of sentence under § 3582(c)(1),[1] nor has he alleged that he has exhausted or even initiated any administrative remedies with respect to any such request.

---

[1] While the Defendant is to be commended for the progress he has made while

For all these reasons, the Defendant's motion must be denied.

**IT IS, THEREFORE, ORDERED** that the *pro se* Defendant's letter, which the Court construes as a motion for relief under the First Step Act of 2018 [Doc. 66] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 10, 2019

Martin Reidinger
United States District Judge

---

incarcerated, his letter presents no basis for a reduction, retroactive or otherwise, of his sentence.