# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:09-cr-00054-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| THOMAS BRADFORD NORVELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Compassionate Release)" [Doc. 68]. The Government opposes the Defendant's motion. [Doc. 72].

## I. BACKGROUND

In February 2011, the Defendant Thomas Bradford Norvell was convicted of one count of transporting in interstate or foreign commerce a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). [Doc. 36; as amended, Docs. 40, 49]. The Court sentenced the Defendant to 188 months' imprisonment and a term of supervised release for life. [Id.].

The Defendant is serving his sentence with the Bureau of Prisons (BOP) at Butner Federal Correctional Institution Low (Butner Low). According to the Bureau of Prisons website, his projected release date is June 4, 2022.[1]  The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[2]  [Doc. 68].  Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served.  [Id.].

## II.    DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited August 19, 2020).

[2] In his original motion, the Defendant alternatively sought a release to home confinement. In response to the Government's motion to dismiss, however, the Defendant conceded that as a sex offender, he is ineligible for release to home confinement.  [Doc. 71 at 2]. Therefore, the Court need not address this alternative request for relief.

2

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

In response to the Defendant's motion, the Government moved to dismiss due to the Defendant's failure to demonstrate that he had exhausted his available administrative remedies. [Doc. 70]. In response to the Government's motion, the Defendant provided documentation of his prior request. [Doc. 71]. Upon reviewing the Defendant's documentation, the Government conceded that the Defendant had exhausted the necessary administrative remedies. Accordingly, the Government's motion to dismiss was denied as moot, and the Government was directed to respond to the merits of the Defendant's request. [Text-Only Order entered July 24, 2020]. The Government has now responded [Doc. 72], and therefore the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[3]  See U.S.S.G. § 1B1.13.  As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons."  First, the defendant's medical condition can qualify as a basis for relief if the defendant is  "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia,"

---

[3] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

4

U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence.  This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  U.S.S.G. 1B1.13, cmt. n.1(B).  The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered

5

partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant asserts that his underlying health conditions—namely, asthma and knee issues for which he has been recommended for surgery—place him at a higher risk for severe illness resulting from COVID-19.

The medical conditions identified by the Plaintiff do not constitute an extraordinary and compelling reason to reduce the Plaintiff's sentence. First, with respect to the Plaintiff's history of asthma, the BOP medical records provided by the Government indicate that the Plaintiff's asthma is mild and intermittent and is well-controlled by the occasional use of an inhaler. [See Doc. 72-1]. The CDC has identified only "moderate to severe asthma" as a condition which "might" place a person "at an increased risk" for severe illness from COVID-19.[4] Second, while the Defendant asserts that BOP doctors have recommended that he undergo knee replacement surgery, the

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html
(last visited Aug. 19, 2020).

6

Defendant does not allege that his knee problems contribute to the risk of severe illness from COVID-19. Further, while the Court does not intend to diminish the seriousness of the Defendant's medical conditions, the Court notes that the Defendant has not shown that any of these conditions are terminal or substantially diminish his ability to provide self-care while in prison.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[5]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

---

[5] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The Defendant is a sex offender who has nearly two years left to serve on his sentence. The nature and circumstances of the Defendant's offense were particularly egregious, as the Defendant's conduct went well beyond just the transportation and possession of child pornography. He demonstrated an inclination to make contact with minor children, and his communications with others suggested either a history or a proclivity to engage in actual sex acts with children. As a sex offender, the Defendant is ineligible for the BOP's home confinement program under the CARES Act because sex offenders are regarded as too dangerous to be released early

8

to the public. This reasoning is equally applicable when considering whether a compassionate release is warranted.

While Defendant's good behavior in custody and his efforts at reform and improvement are commendable, this Court does not find that they outweigh these other relevant factors. Requiring the Defendant to serve his full sentence adequately reflects the seriousness of his offense, promotes respect for the law, and provides general deterrence to others who might commit similar crimes.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Compassionate Release)" [Doc. 68] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 24th, 2020

Martin Reidinger
Chief United States District Judge

9